UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------- X
Macedonia Church, et al.,

                                               Plaintiffs,           **JUDGMENT**
                 -against-                                             Case No. 05-0153 (TLM)

Lancaster Hotel, LP, Masspa Realty Corp.,
and Fine Hotels Corp.,

                                              Defendants,
------------------------------------------------------------- X

## FINAL JUDGMENT

Before the Court is the Parties' May 31, 2011 Joint Motion for Final Settlement Approval [Rec. Doc. 272] and Class Counsel David Cohen's May 11, 2011 Motion for Attorney's Fees [Rec. Doc. 266]. Based on the record of this proceeding, including but not limited to the Findings of Fact and Conclusions of Law that the Court has made and that have been filed [Rec. Doc. 278], as well as for oral reasons assigned this date, it is

**ORDERED** that all of the terms and provisions of the Settlement Agreement, which the Court previously gave preliminary approval and found to be fair, reasonable, and adequate as it applies to the Class [Rec. Doc. 262], are given final approval for purposes of Rule 23(e). The Court orders consummation of all of the terms and provisions of the Settlement Agreement. The Parties' Joint Motion for Final Settlement Approval [Rec. Doc. 272] is GRANTED.

**IT IS FURTHER ORDERED** that in addition to the payments to Settlement Class Members provided for in the Settlement Agreement, the Court awards payments in the amount of $125,000.00 to Macedonia Church and $50,000.00 each to DeWitt Stevens, Jr., Addie Stevens, Michael Rumble, and Merle Rumble and directs Defendants to pay such amounts through Class

1

Counsel. The Court has been advised that Class Counsel will honor the assignments in favor of Macedonia Church previously made by Pastor and Mrs. Stevens, Pastor and Mrs. Rumble, and most of the members of the Settlement Class.

**IT IS FURTHER ORDERED** that Class Counsel David Cohen's Motion for Attorney's Fees [Rec. Doc. 266] is GRANTED.

**IT IS FURTHER ORDERED** that the Settlement Agreement shall be binding on all Defendants and all Plaintiffs, including all members of the Class who have not been excluded pursuant to the Settlement Agreement.

**IT IS FURTHER ORDERED** that the Court hereby dismisses on the merits and with prejudice the Second Amended Complaint filed in this Court, styled *Macedonia Church, et al. v. Lancaster Hotel Limited Partnership, et al.*, Case No.: 05-CV-153 (TLM). In addition, the Court also dismisses all claims which any Class Members alleged or could have alleged in any way relating to or arising out of Defendants' alleged denial of accommodations on the basis of race, alleged race discrimination, or alleged violations of law. Upon the Effective Date of Final Approval as defined in the Settlement Agreement, the Named Plaintiffs and each Class Member shall be deemed to have, and by operation of the Final Judgment based on the Court's Findings of Fact and Conclusions of Law shall have, released, waived and discharged Lancaster Hotel Limited Partnership, MASSPA Realty Corporation, and Fine Hotels, Corp., including all of their past, present, and future direct and indirect parents, affiliates, subsidiaries, divisions, predecessors, successors, partners, joint venturers, affiliated organizations, insurers, assigns, and each of their past, present, and future officers, directors, members, trustees, agents, employees, attorneys, contractors, representatives, and any other persons or entities acting on their behalf (the "Released Parties") from any and all claims, debts, liabilities, demands, obligations,

guarantees, penalties, costs, expenses, attorneys' fees, damages, actions, or causes of action of every type and description, of whatever kind or nature, whether known or unknown, that were alleged or could have been alleged in the Litigation or that in any manner arise out of or relate to Defendants' alleged denial of accommodations on the basis of race, alleged race discrimination, or alleged violations of law, that have asserted or could have been asserted against the Released Parties at any time up to and including the Effective Date of Final Approval.

**IT IS FURTHER ORDERED** that if (a) the Effective Date of Final Approval does not occur for any reason whatsoever, or (b) the Settlement Agreement becomes null and void pursuant to the terms of the Settlement Agreement, the Court's Findings of Fact and Conclusions of Law and Final Judgment shall be deemed vacated and shall have no force or effect whatsoever.

**IT IS FURTHER ORDERED** that without affecting the finality of the Findings of Fact and Conclusions of Law and Final Judgment, the Court reserves continuing and exclusive jurisdiction over the parties, including all members of the Class as defined above, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

**IT IS FURTHER ORDERED** that the Clerk of this Court is directed to enter this Final Judgment forthwith.

Signed at Bridgeport, Connecticut this 9th day of June, 2011.

_____
Tucker L. Melançon
United States District Judge